CORNELIUS BENNETT ET AL., Plaintiffs, v. JAMES ZABRISKI, Defendant.

*January 29, 1881.*

ATTACHMENT.    (1) *Variance in pleadings as to description of parties.*

REHEARING.    (2) *Changing decision upon.*

1. The declaration, affidavit, writ, bond, judgment and execution in attachment, must not vary in their description of parties. Affirming *Bennett v. Zabriski.* PRINCE, C. J., dissenting.
2. Unless convinced that it is wrong, the court will not change a unanimous opinion deliberately formed and announced.

Petition for rehearing.

Plaintiffs sue defendant in the third judicial district court, sitting within and for the county of Grant, in an action of assumpsit, and sue out a writ of attachment. The declaration, among other things, states the petitioners are Cornelius Bennett, of Arizona; Joseph F. Bennett, of Grant county, and Henry Lisinsky, of Doña Ana county, in this territory. That said petitioners were doing business under the firm name and style of Bennett Bros. & Co., and that the defendant, James A. Zabriski, was a resident of the state of Texas.

The affidavit upon which the writ was issued was, in effect, as follows:

TERRITORY OF NEW MEXICO, }
    COUNTY OF GRANT.    } *ss.*

This day personally appeared before me, the undersigned, clerk of the third judicial district court, within and for the county and territory aforesaid, Joseph F. Bennett, of the firm of Bennett Bros. & Co., and being duly sworn, says that James A. Zabriski is justly indebted to the firm of Bennett Bros. & Co. in the sum of $180.78, after allowing all just offsets on account of goods, wares and merchandise sold and delivered, money lent and advanced, and account stated,

and that the said James A. Zabriski is not a resident of nor resides in this territory.

·J. F. BENNETT.

Sworn and subscribed to, etc.

Bond was given and approved. John P. Risque also made affidavit that the defendant was a non-resident of the territory. Defendant entered a special appearance for the purpose of filing the following motion to quash the proceedings herein :

1st. The affidavit is made by one Joseph F. Bennett, but does not state for whom.

2d. It does not state to whom the defendant is indebted.

3d. It does not say that said indebtedness is due after allowing all just credits.

4th. It does not state that he has good reason to believe and does believe in the existence of the fact set forth as a ground for issuing of attachment, that the defendant is a non-resident.

5th. The writ does not set forth when or where, or by whom, the debt was contracted.

6th. The body of the writ does not set forth in what style the plaintiffs sue.

7th. And for other good and sufficient reasons apparent upon the affidavit and writ.

This motion was by the court sustained and judgment so rendered. On the merits of the case, a judgment was rendered in favor of the plaintiffs.

*Conway & Risque* and *Catron & Thornton*, for appellants.

*First.* The plaintiffs insist that the whole record can be examined to see for whom and by whom the affidavit was made. See Drake on Attachment, sec. 93.

Failure to entitle the affidavit in the cause, failure to describe the person who made it as plaintiff, or debtor named in it as defendant, does not make it bad. See Drake on

Attachment, sec. 92; *Cheadle v. Riddle,* 6 Ark. (1 English), 480; *Kinney v. Heald,* 17 Ark., 397; *Pool v. Webster,* 3 Metcalf (Ky.), 278.

*Second.* The affidavit does state to whom the defendant is indebted, it says to Bennett Bros. & Co., and the petition shows that Bennett Bros. & Co. are the plaintiffs.

It states that the amount sworn to was due after allowing all just offsets, which is the exact words of the statutory form.

The statute has prescribed a form of affidavit in attachment. See Compiled Laws, sec. 25, page 216. This affidavit is a substantial compliance with that form.

The writ is also in compliance with the statutory requirements, and is good.

Where a form is prescribed by statute for proceedings in attachment, it should be followed, and an affidavit which follows the statute is sufficient: *Shockley v. Bullock,* 18 Ga., 283; *Harrito v. Humphreys,* 26 Ga., 514; *McColburn v. White,* 23 Ind., 43; *Reyburn v. Brackett,* 2 Kan., 227; *Matthews v. Don,* 20 Ind., 248.

Courts will construe the statute in relation to attachment in the most liberal manner for the advancement of justice, the suppression of fraud and the benefit of creditors: *Bank of Augusta v. Conrey,* 28 Miss., 667; *Bryan v. Lashley,* 21 Miss. (13 Smed & M.), 281.

PARKS, Associate Justice : In this case the court adheres to and reaffirms its decision made at the last term for the following reasons :

1. The decision was founded upon well settled rules of pleading and practice and was in accordance with the statute of this territory.

2. The authorities referred to adverse to the decision of the court tend to introduce a vague, loose and indefinite

character of pleading and endless confusion in legal proceedings.

We have had more than one illustration during this court of the necessity of care in the preparation of pleadings and of the trouble that follows the want of it.

If the declaration, the affidavit and the writ in a summary proceeding, such as attachment, may materially vary in so important a matter as the description of the parties to the suit, so may the bond, the judgment, the execution, and any and all other papers in the case.

And in case of a sale of real estate it would be difficult to ascertain from whom the title was derived or to whom the conveyance should be made. Such uncertainty and confusion can easily be avoided by the plaintiff. In fact, the attorney who brings the suit is bound to know the correct description of the prisoner, partnership or corporation from whom he sues, and there is no excuse for his not using that description throughout the entire record he is making. If he may vary the description of the parties to the suit, so also may he vary the description of property or any other material fact or facts.

A title to property coming through so confused a record might be seriously contested and the value of property so derived materially lessened.

3. Where an opinion of this court has been deliberately formed and announced and is unanimous, nothing but conviction that it is wrong should induce the court to change.

The decisions of this court are the law of this territory, and that law should not be fluctuating and uncertain. The court itself, the bar and the people should know what to depend upon.

Neither doubts as to its correctness, adverse authorities or opinions or anything else, but a clear perception that it is wrong should induce this court by changing its opinion to change the law.

And still believing that the unanimous opinion of the court in this case was founded upon correct principles, and would lead to correct practice, we shall adhere to it till convinced that we are in error.

PRINCE, Chief Justice, dissenting: On the rehearing in this case I regret to find myself unable to concur with my colleagues in their conclusions that the judgment rendered at the last session was correct, although on less consideration I concurred in it.

This action was commenced as provided in Chap. 21, sec. 2 of the Statutes (page 136, General Laws), which provides that "a creditor wishing to sue his debtor by attachment, may place in the clerk's office a petition or other lawful statement of his cause of action; and shall also file an affidavit and bond." Thereupon the attachment writ is issued.

This is different from the proceedings under the act of 1855 (page 140, General Laws), which provides for the issuance of the writ on filing an affidavit and bond only.

In this case, the petition or statement of the cause was filed April 16, 1875, and is the first paper appearing in the transcript. At the same time, apparently, at any rate on the same day, an affidavit and bond were filed, and thereupon the writ was issued.

The petition states the plaintiffs to be Cornelius Bennett, Joseph F. Bennett and Henry Lisinsky, doing business under the firm name of Bennett Brothers & Co., at Silver City.

The affidavit is made by "Joseph F. Bennett, of the firm of Bennett Brothers & Co.," and states that the defendant is indebted to said Bennett Brothers & Co.

In the writ the plaintiffs are named as Cornelius Bennett, Joseph F. Bennett and Henry Lisinsky.

The court below ruled and this court has decided that the writ was invalid because the plaintiffs mentioned in the

aforesaid writ do not appear to have been the same persons as those named as plaintiffs in the affidavit.

In the affidavit the name is Bennett Brothers & Co., Joseph F. Bennett being one of said firm; in the writ no firm is mentioned at all, but the parties suing are separately named, as Cornelius Bennett, Joseph F. Bennett and Henry Lisinsky.

It is held that we cannot presume that these are the same, and that the affidavit cannot be cured by information obtained from other sources.

This might be so if the writ were based on the affidavit alone, as under the act of 1855; but in this instance, it appears to me, that the writ is based on both the petition and the affidavit. The petition is first named in the law, and in fact is filed as the foundation of the suit. I think, then, that we have a right to examine it to ascertain whether the parties named in the affidavit are the same as those named in the writ.

The cases cited by counsel, from Arkansas: *Cheadle v. Riddle*, 6 Ark., 480, and *Kinney v. Heald*, 17 Ark., 397, go far beyond this, in overlooking irregularities, but I think they should not be followed to their full extent. But I think the true rule is laid down in Drake on Attachment, sec. 93, when it says that if certain matters "appear by the record" it is not essential that they should have been stated in the affidavit. The precise case there cited is, that where it is required that the affidavit be made by a party to the suit, the fact that he is a party may appear by the record without being set up in the affidavit.

In the case before us, if we have recourse to the petition we find it distinctly stated therein that Cornelius Bennett, Joseph F. Bennett and Henry Lisinsky constituted the firm of Bennett Brothers & Co., and so all difficulty in connecting the affidavit and writ ceases. It appears while the plaintiffs were differently stated, yet they were in fact identically

the same.    Believing that under the circumstances the court had a right to examine this petition, which constitutes part of the record, and specially as it is one of the papers on which the writ was issued, and made necessary for that purpose by the law, I think that the writ of attachment was good, and that the motion to quash the attachment proceedings should have been denied.