This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 33,168**

**FRANK MONTOYA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Frank Montoya (Defendant) appeals the district court's on-record affirmance of his metropolitan court convictions for driving while intoxicated and careless driving. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As we do not find Defendant's arguments to be persuasive, we affirm.

**Denial of Montoya's Motion to Suppress**

{2}    In this Court's notice of proposed summary disposition, we proposed to hold that the district court did not err in denying Defendant's motion to suppress because, viewing the facts in the light most favorable to the district court's ruling, the officer had probable cause to believe that Defendant had been driving while intoxicated. In Defendant's memorandum in opposition, he provides no new facts or authority that would persuade this Court that its proposed disposition of the issue should not be made. [MIO 20-27] Instead, he divides up the facts known to the officer and argues that each is not sufficient to establish probable cause. [MIO 20-27] However, a probable cause determination looks at all the circumstances known to the officer as a totality. *See State v. Nyce,* 2006-NMSC-026, ¶ 10, 139 N.M. 647, 137 P.3d 587 ("When ruling on probable cause, we deal only in the realm of reasonable probabilities, and look to the totality of the circumstances to determine if probable cause is present."), *overruled on other grounds by State v. Williamson*, 2009-NMSC-

2

039, 146 N.M. 488, 212 P.3d 376; *see also State v. Neal*, 2007-NMSC-043, ¶ 28, 142 N.M. 176, 164 P.3d 57 (rejecting a "divide-and-conquer analysis in which we view each individual factor or circumstance in a vacuum" when assessing reasonable suspicion (internal quotation marks and citation omitted)). Accordingly, for the reasons stated in our notice, we find no error in the district court's ruling on the motion to suppress.

**Sufficiency of the Evidence**

{3}     In our notice of proposed summary disposition, we proposed to hold that, viewing the facts in the light most favorable to the district court's decision, there was sufficient evidence to support Defendant's conviction for careless driving.  In Defendant's memorandum in opposition, he continues to argue that the evidence was not sufficient.  [MIO 27-32]  As he provides no new facts or authority that would persuade this Court that its proposed disposition of this issue was in error, we hold that the evidence was sufficient for the reasons given in our notice.

{4}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{5}     **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Chief Judge**

3

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**


_____
**J. MILES HANISEE, Judge**